```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
--------------------------------------------------

THOMAS JOHN MIRANTE,

                 Plaintiff,          20-cv-4051 (JGK)

        - against -              **MEMORANDUM OPINION AND ORDER**

KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY,[1]

                 Defendant.

--------------------------------------------------

**JOHN G. KOELTL, District Judge:**

    The plaintiff, Thomas Mirante, brought this action against the Commissioner of Social Security for past-due Social Security disability benefits. The plaintiff was successful in the action and was awarded past-due benefits in the amount of $129,725.00. See Fishman Decl. ¶ 3, ECF No. 24; see also August 19, 2023 Notice of Award 2, ECF No. 28-1. The plaintiff's counsel now seeks attorney's fees pursuant to 42 U.S.C. § 406(b). For the following reasons, the motion for attorney's fees is **granted**.

I.

    Unless otherwise noted, the following facts are taken from the Social Security Administration Administrative Record, ECF No. 11 ("Admin. Rec."), and are undisputed.

---

[1] The complaint named Andrew Saul, then the Commissioner of Social Security, as the defendant. Compl., ECF No. 1. Kilolo Kijakazi, the current Acting Commissioner of Social Security, is automatically substituted for Saul pursuant to Federal Rule of Civil Procedure 25(d).

On July 5, 2016, the plaintiff filed an application for Social Security Disability Insurance ("SSDI") benefits, which the Social Security Administration ("SSA") denied on October 7, 2016. See Admin. Rec. 70, 80. The plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), and hearings were held on December 7, 2018, and August 10, 2018. See id. at 36, 65. The ALJ found that the plaintiff was not disabled. See id. at 16. The Appeals Council denied the plaintiff's request for review. See id. at 5.

On March 26, 2019, the plaintiff retained counsel to contest the administrative ruling and signed a retainer agreement providing that the contingency fee paid to the plaintiff's counsel would be "twenty five percent (25%) of all past due benefits" awarded to the plaintiff. Fishman Decl., Ex. B, ECF No. 24-2. On May 26, 2020, the plaintiff filed this action in federal court, seeking past-due benefits. ECF No. 1.

On March 2, 2021, the plaintiff filed a motion for judgment on the pleadings. ECF No. 12. The Court referred the case to Magistrate Judge Kevin N. Fox on May 18, 2021. ECF No. 17. On September 1, 2021, the Magistrate Judge issued a Report and Recommendation recommending that the plaintiff's motion be granted and the case remanded to the Commissioner of Social Security for further administrative proceedings. ECF No. 18. On September 21, 2021, the Court, having received no objections,

2

adopted the Report and Recommendation. ECF No. 19. The parties also stipulated that the plaintiff should be awarded attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, in the amount of $7,000.00. ECF No. 23.

On remand, the ALJ found that the plaintiff was disabled and approved the plaintiff for SSDI benefits. See Fishman Decl. ¶ 3.

Subsequently, the plaintiff's counsel filed a motion for attorney's fees, noting that SSA "has failed to send [the plaintiff's] counsel any of the Notices of Award in this case" and "has never responded" to counsel, who "contacted SSA's payment center repeatedly to obtain copies of all of the Notices of Award in this case[.]" Id. ¶ 2. A Notice of Award sent to the plaintiff's attorney in the administrative proceedings -- later submitted by the plaintiff's attorney -- confirmed that SSA "withheld $32,431.25 from benefits due to [the plaintiff] to pay . . . legal expenses." August 19, 2023 Notice of Award 2. It also stated that SSA would "send $7,200 . . . to [the plaintiff's attorney in the administrative proceedings]" and "withhold[] the balance of $25,231.25" for the plaintiff's attorney in this federal action. Id. The plaintiff's counsel concedes that the plaintiff is entitled to an "EAJA refund" of the $7,000.00 EAJA fee award that the plaintiff's counsel received. Fishman Decl. ¶ 5. As a result, the plaintiff's

3

counsel requests a payment of the award of withheld benefits net of the EAJA fee award, see id., which would be $18,231.25. The plaintiff's counsel agrees to "refund the EAJA fee of $7,000 directly to the [plaintiff]" should the Court award the entire $25,231.25 withheld amount and not "award the net § 406(b) fee amount[.]" Id. ¶ 5 n.1.

## II.

As an initial matter, the Court finds that the circumstances of this case warrant equitable tolling and will therefore consider the motion for attorney's fees.

The Government notes in its letter that the plaintiff's fee application was likely filed beyond the time limit set forth in Sinkler v. Berryhill, 932 F.3d 83, 89 (2d Cir. 2019) (holding that the 14-day filing period in Fed. R. Civ. P. 54(d)(2)(B) applies to section 406(b) attorney's fees applications). See Gov't Resp. 2, ECF No. 25. However, the Sinkler court noted that district courts may "enlarge that filing period where circumstances warrant" because Rule 54 "expressly states that the specified period applies unless a statute or a court order provides otherwise." Id. (citing Fed. R. Civ. P. 54(d)(2)(B)). Moreover, courts in this Circuit have recognized the need to toll the filing period until the plaintiff's counsel's receipt of the notice of award. See, e.g., BillyJo M. v. Comm'r of Soc. Sec., 568 F. Supp. 3d 309, 310 (W.D.N.Y. 2021) ("[T]he Court

4

finds that the Plaintiff's motion for attorneys' fees is timely or, alternatively, tolls the deadline . . . until 14 days after the . . . receipt of the notice by Plaintiff's counsel."); Bennett v. Comm'r of Soc. Sec., No. 17-cv-2067, 2021 WL 3537165, at *4 (S.D.N.Y. Aug. 11, 2021) ("[I]t was not until the . . . Status Notice that [the plaintiff's counsel] knew the amount of attorneys' fees to request, which is the operative information for triggering the [Sinkler] period."). In fact, Sinkler itself provides: "Once counsel receives notice of the benefits award -- and, therefore, the maximum attorney's fees that may be claimed -- there is no sound reason not to apply Rule 54(2)(B)'s fourteen-day limitations period to a § 406(b) filing[.]" 932 F.3d at 88.

In this case, the plaintiff's counsel made the motion for attorney's fees before receiving a notice of award from SSA. Moreover, the plaintiff's counsel "contacted SSA's payment center repeatedly" and "the Agency . . . never responded." Id. ¶ 2. Accordingly, the circumstances warrant equitable tolling of the filing deadline pursuant to Sinkler.

### III.

Upon review, the Court finds that the fee arrangement in this case is reasonable.

The Social Security Act provides that "[w]henever a court renders a judgment favorable to a claimant . . . who was

5

represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]"[2] 42 U.S.C. § 406(b)(1)(A). A contingent-fee agreement is the "primary means by which fees are set for successfully representing Social Security benefits claimants in court." Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002). Because "a successful social security claimant evaluates and pays his own attorney, a court's primary focus should be on the reasonableness of the contingency agreement in the context of the particular case[.]" Wells v. Sullivan, 907 F.2d 367, 371 (2d Cir. 1990). Thus, "§ 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases[,]" with the one limit that "[a]greements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." Gisbrecht, 535 U.S. at 807.

Courts should consider several factors in evaluating the reasonableness of contingency fee arrangements. Those factors are "a) the character of the representation and the result the representative achieved, b) whether a claimant's counsel is

---

[2] Unless otherwise noted, this Memorandum Opinion and Order omits all alterations, omissions, emphasis, quotation marks, and citations in quoted text.

6

responsible for undue delay, and c) whether there was fraud or overreaching in the making of the contingency agreement." Fields v. Kijakazi, 24 F.4th 845, 849 (2d Cir. 2022). At bottom, however, district courts "are accustomed to making reasonableness determinations in a wide variety of contexts, and their assessments in such matters . . . ordinarily qualify for highly respectful review." Gisbrecht, 535 U.S. at 808.

Courts must also consider whether a contingency fee award would result in a windfall. Fields, 24 F.4th at 849. To evaluate whether such an award would constitute a windfall, factors to consider are 1) "the ability and expertise of the lawyers," 2) "the nature and length of the professional relationship with the claimant," 3) "the satisfaction of the disabled claimant," and (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." Id. at 854-55.

The contingency fee arrangement in this case is reasonable in light of the foregoing considerations. First, the plaintiff's counsel seeks an award below the 25-percent cap set by section 406(b). Second, neither party claims that the plaintiff's counsel's representation of the plaintiff has been substandard. The plaintiff's counsel was instrumental in securing benefits on behalf of the plaintiff in a difficult case where the administrative forum previously denied the plaintiff's claim for

7

SSDI benefits. Third, there is no indication that the plaintiff's counsel was responsible for any undue delay. Finally, there is no evidence nor allegation that the plaintiff's counsel acted fraudulently or overreached when initially making the contingency arrangement.

Nor does the contingency fee provide a windfall for the plaintiff's counsel. The plaintiff's counsel seeks an award that would amount to a non-contingency rate of $716.80. See August 19, 2023 Notice of Award; Fishman Decl., Ex. C, at 2. Such an award, while higher than the plaintiff's counsel's regular non-contingent hourly rate, is not unprecedented. See Eric K. v. Berryhill, No. 15-cv-845, 2019 WL 1025791, at *3 (N.D.N.Y. Mar. 4, 2019) (awarding fees at an effective hourly rate of $1,500); Kazanjian v. Astrue, No. 09-cv-3678, 2011 WL 2847439, at *2 (E.D.N.Y. July 15, 2011) (awarding fees at an effective hourly rate of $2,100). In any event,

> rejecting an award based solely on the de facto hourly rate would ignore the numerous other objectives this scheme was intended to promote, including efficient work by experienced attorneys, appreciation for the risks involved in Social Security cases, incentive to represent litigants who could not otherwise afford counsel, and respect for fee agreements.

Caudy v. Colvin, No. 13-cv-2314, 2020 WL 5440471, at *3 (S.D.N.Y. Sept. 9, 2020). The plaintiff's counsel was efficient, spending a total of 35.2 hours on this case, see Fishman Decl., Ex. C, at 2, during which the plaintiff's counsel reviewed the

8

423-page administrative record, see Admin. Rec. The plaintiff's counsel's efficiency should not be penalized. See Jeter v. Astrue, 622 F.3d 371, 380-81 (5th Cir. 2010) ("[W]e do not read Gisbrecht's 'windfall' as support for the proposition that experienced, competent counsel should be punished for accomplishing an arduous task in a shorter span of time than less-experienced, less-aggressive counsel.").

The plaintiff's counsel also had a significant relationship with the plaintiff. While the plaintiff's counsel did not handle the administrative proceedings before the Social Security Administration, see Fishman Decl. ¶ 1, the plaintiff's counsel has continuously represented the plaintiff after being retained four and one-half years ago, see id., Ex. B. Nothing indicates that the plaintiff is dissatisfied by this representation nor by any of the services provided by the plaintiff's counsel. Finally, it is clear that, absent counsel, an award of benefits was highly uncertain, given that the plaintiff's application for SSDI benefits was initially denied by the ALJ and the Appeals Council. Accordingly, the fee requested by the plaintiff's counsel is reasonable.

## IV.

The plaintiff's counsel should, upon receipt of the withheld $25,231.25 of past-due benefits for payment of

attorney's fees, refund the EAJA fee of $7,000 directly to the plaintiff.

The plaintiff's counsel has already been awarded attorney's fees under the EAJA in the amount of $7,000.00. ECF No. 23. The plaintiff's counsel asks for the section 406(b) fees to be offset by the amount already awarded under the EAJA. See Fishman Decl. ¶ 5. However, the plaintiff's counsel should return to the plaintiff the lesser amount of any two awards of attorney's fees awarded under section 406(b) and the EAJA, where those fees were awarded for the same work. See Gisbrecht, 535 U.S. at 796 ("Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must refund to the claimant the amount of the smaller fee[.]"). Accordingly, the plaintiff's counsel must refund $7,000.00 to the plaintiff, because it is the smaller of the amounts due to the plaintiff's counsel under the EAJA and section 406(b). See also Carin A. C. v. Kijakazi, No. 21-cv-1205, 20223 WL 5012172 (D. Conn. Aug. 7, 2023) (ordering the plaintiff's attorney to return the previous EAJA award after awarding the withheld benefits net of the administrative attorney's award).

## CONCLUSION

The Court has considered all the arguments of the parties.

To the extent not specifically addressed above, the arguments are either moot or without merit. The plaintiff's motion for attorney's fees is **granted**. Pursuant to 42 U.S.C. § 406(b), the plaintiff's counsel is to be awarded the $25,231.25 withheld by the Social Security Administration from past-due benefits received by the plaintiff. The plaintiff's counsel shall refund $7,000.00, the amount in attorney's fees the plaintiff's counsel received under the EAJA, to the plaintiff. The Clerk is directed to close ECF No. 24.

**SO ORDERED.**

Dated:   New York, New York
         October 9, 2023

_____
John G. Koeltl
United States District Judge